James I. Stang (CA Bar No. 94435)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4114
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
E-mail:  jstang@pszjlaw.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:15-bk-17446-VZ |
| WANDA ROZAR, | Chapter 7 |
| Debtor. | **OBJECTION OF DEBTOR TO CLAIM OF VILLAGE WALK MAINTENANCE CORPORATION [CLAIM NO. 4]; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF JAMES I. STANG AND DEBTOR** |
| | Hearing: <br> Date: September 19, 2023 <br> Time: 11:00 a.m. <br> Place: Courtroom 1368 <br> United States Bankruptcy Court <br> Central District of California <br> Edward R. Roybal Fed. Bldg. & Courthouse <br> 255 E. Temple Street, Suite 1360 <br> Los Angeles, CA 90012 |

TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, VILLAGE WALK MAINTENANCE CORPORATION, THE OFFICE OF THE UNITED STATES TRUSTEE, AND CERTAIN OTHER INTERESTED PARTIES:

Pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rules 3007-1 and 9013-1, Wanda Rozar, the debtor (the "Debtor") in the above-captioned chapter 7 case, hereby moves the Court for an Order disallowing the $22,004.38 claim filed by Village Walk Maintenance Corporation ("Village Walk" or the "Claimant"), which is Claim No. 4 on the Court's Claims Register (the "Claim").

The Claim, which was filed in 2015, is based on homeowners' association dues and fees in connection with real property previously owned by the Debtor.  This chapter 7 case was reopened in 2023 to administer assets.  The Debtor hereby objects to the Claim because the underlying debt has been satisfied pursuant to a short sale completed in 2017.

This Objection is based on the Memorandum of Points and Authorities and Declaration of James I. Stang and Wanda Rozar set forth below, the exhibits attached thereto, the concurrently filed Notice of this Objection served on the Claimant and certain other interested parties, all pleadings, papers, and records on file with the Court in this proceeding, and on such other evidence, oral or documentary, as may be presented to and considered by the Court in connection with this Objection and the hearing hereon.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order:

1.      Disallowing the Claim in its entirety; and

2.      Granting such other and further relief as the Court deems just and proper.

Dated:  August 16, 2023                    **PACHULSKI STANG ZIEHL & JONES LLP**

By:    */s/ James I. Stang*
_____
James I. Stang

Attorneys for Debtor

2

## MEMORANDUM OF POINTS AND AUTHORITIES[1]

### I.    STATEMENT OF FACTS

On May 8, 2015, the Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code commencing the above-captioned bankruptcy case (the "Bankruptcy Case"). Concurrently therewith, the Debtor filed her bankruptcy schedules. *See* Dkt. No. 1.

On or about November 13, 2015, the Bankruptcy Case was converted to a case under chapter 7 of the Bankruptcy Code. Shortly thereafter, David A. Gill was appointed to serve as chapter 7 trustee in the Bankruptcy Case. On February 8, 2016, Mr. Gill filed a no asset report and, on March 2, 2016, the Bankruptcy Case was closed.

On February 14, 2023, the United States Trustee (the "UST") filed a motion to reopen the case (the "Motion to Reopen") to administer assets. *See* Dkt. No. 38. The Motion to Reopen also sought appointment of a chapter 7 trustee for purposes of administering the bankruptcy estate.

On February 24, 2023, the Court entered an order granting the Motion to Reopen and directed the UST to appoint a chapter 7 trustee. On February 24, 2023, Howard M. Ehrenberg was appointed to serve as the chapter 7 trustee in this case. The same day, the Trustee filed a notice of assets and possible dividend, and the Court fixed May 30, 2023 as the deadline to file proofs of claim.

According to the Debtor's Schedule D filed in this case, on the Petition Date, Village Walk was owed a total of $2,000.00 that was secured by real property commonly known as 28231 Canterbury Court, Valencia, California 91354 (the "Property"). Attached hereto as **Exhibit 1** is a copy of the page of the Debtor's Schedule D [Dkt. No. 1] listing the secured debt owed to Village Walk.

On July 10, 2015, Village Walk filed its Claim against the bankruptcy estate (the "Estate") in the amount of $22,004.38, which is Claim No. 4 on the Court's Claims Register. A copy of the Claim is attached hereto as **Exhibit 2**. The documents attached to the Claim evidence that the Claim is based upon the same debt that was listed on the Debtor's Schedule D.

On or about May 31, 2017, a short sale of the Property was conducted. Pursuant to the short sale, the amounts owed to Village Walk for unpaid assessments were paid. A copy of the escrow

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the motion to which this memorandum of points and authorities is attached.

3

instructions in connection with the short sale, dated April 24, 2017, is attached hereto as **Exhibit 3**. A copy of the Final Settlement Statement for the short sale is attached hereto as **Exhibit 4**.

On July 6, 2023, the Debtor's counsel caused a letter to be mailed to Village Walk, stating that the debt underlying the Claim has been satisfied pursuant to the short sale and requesting that the Claim be withdrawn. A copy of that letter is attached hereto as **Exhibit 5**. To date, no response has been received from Village Walk.

## II.    APPLICABLE LEGAL AUTHORITY AND ARGUMENT

### A.    Legal Authority Regarding the Applicable Burdens of Proof.

A proof of claim must provide sufficient facts and evidence to support the claim. *See* 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001; *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) ("Initially, the claimant must allege facts sufficient to support the claim."). Absent such information, the claim is not entitled to *prima facie* validity under Bankruptcy Rule 3001(f), and if the claimant does not provide adequate evidence to support its claim, the claim may be disallowed. *See Consolidated Pioneer Mortg.*, 178 B.R. at 226–27.

The burden of proof under section 502(a) of the Bankruptcy Code rests on different parties at different times. *Id.* at 226. Initially, the claimant must allege facts sufficient to support the claim. *Id.* If the averments in the claim meet this standard of sufficiency, it is *prima facie* valid; a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. *Id.* The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the claim. *Id.* The objector must produce evidence equal in force to the *prima facie* case; the objector must produce evidence that, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. *Id.* If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by the preponderance of the evidence. *Id.* The burden of persuasion is always on the claimant. *Id.*

### B.    The Claim Should Be Disallowed Because the Underlying Debt Has Been Satisfied.

Pursuant to the short sale, the unpaid assessments owed to Village Walk were paid. It is evident from the documents relating to the short sale attached hereto as Exhibit 3 and Exhibit 4 that the

underlying debt to Village Walk has been paid in full.  Accordingly, the Court should disallow the Claim in its entirety.

**III.**    **<u>CONCLUSION</u>**

For the reasons set forth above, the Trustee respectfully requests that the Court enter an Order:

1.    Disallowing the Claim in its entirety; and

2.    Granting such other and further relief as the Court deems just and proper.

Dated:  August 16, 2023            **PACHULSKI STANG ZIEHL & JONES LLP**

By:    */s/ James I. Stang*
                 James I. Stang

Attorneys for Debtor

## DECLARATION OF JAMES I. STANG[2]

I, James I. Stang, declare as follows:

1.      The following matters are of my own personal knowledge and, if called upon to do so, I could and would competently testify as to the truth of the matters set forth herein.  I am an individual over the age of 18 years and am competent to make this declaration under oath.

2.      I am a partner with the law firm of Pachulski Stang Ziehl & Jones LLP, which is counsel for Wanda Rozar, the Debtor in the above-captioned chapter 7 case.

3.      On May 8, 2015, the Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code commencing the above-captioned bankruptcy case (the "Bankruptcy Case"). Concurrently therewith, the Debtor filed her bankruptcy schedules.  *See* Dkt. No. 1.

4.      On or about November 13, 2015, the Bankruptcy Case was converted to a case under chapter 7 of the Bankruptcy Code.   Shortly thereafter, David A. Gill was appointed to serve as chapter 7 trustee in the Bankruptcy Case.  On February 8, 2016, Mr. Gill filed a no asset report and, on March 2, 2016, the Bankruptcy Case was closed.

5.      On February 14, 2023, the United States Trustee (the "UST") filed a motion to reopen the case (the "Motion to Reopen") to administer assets.  *See* Dkt. No. 38.  The Motion to Reopen also sought appointment of a chapter 7 trustee for purposes of administering the bankruptcy estate.

6.      On February 24, 2023, the Court entered an order granting the Motion to Reopen and directed the UST to appoint a chapter 7 trustee.  On February 24, 2023, Howard M. Ehrenberg was appointed to serve as the chapter 7 trustee in this case.  The same day, the Trustee filed a notice of assets and possible dividend, and the Court fixed May 30, 2023 as the deadline to file proofs of claim.

7.      According to the Debtor's Schedule D filed in this case, on the Petition Date, Village Walk was owed a total of $2,000.00 that was secured by real property commonly known as 28231 Canterbury Court, Valencia, California 91354 (the "Property").  Attached hereto as Exhibit 1 is a copy of the page of the Debtor's Schedule D [Dkt. No. 1] listing the secured debt owed to Village Walk.

---

[2]   Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the motion to which this declaration is attached.

DOCS_DE:244196.1

8.      On July 10, 2015, Village Walk filed its Claim against the bankruptcy estate (the "Estate") in the amount of $22,004.38, which is Claim No. 4 on the Court's Claims Register. A copy of the Claim is attached hereto as Exhibit 2.  The documents attached to the Claim evidence that the Claim is based upon the same debt that was listed on the Debtor's Schedule D.

9.      Under my supervision and direction, on July 6, 2023 my firm mailed a letter to Village Walk, stating that the debt underlying the Claim has been satisfied pursuant to the short sale and requesting that the Claim be withdrawn.  A copy of that letter is attached hereto as Exhibit 5.  To date, my firm has not received a response from Village Walk.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on August 16, 2023, at Los Angeles, California.

/s/ James I. Stang
James I. Stang

DOCS_DE:244196.1

### DECLARATION OF WANDA ROZAR[3]

I, Wanda Rozar, declare as follows:

1.     The following matters are of my own personal knowledge and, if called upon to do so, I could and would competently testify as to the truth of the matters set forth herein.  I am an individual over the age of 18 years and am competent to make this declaration under oath.

2.     I am the Debtor in the above-captioned chapter 7 case.

3.     Village Walk was a creditor in this case in connection with homeowners' association assessments on real property commonly known as 28231 Canterbury Court, Valencia, California 91354 (the "Property").

4.     On or about May 31, 2017, a short sale of the Property was conducted.  Pursuant to the short sale, the amounts owed to Village Walk for unpaid assessments were paid.

5.     A copy of the escrow instructions in connection with the short sale, dated April 24, 2017, is attached hereto as Exhibit 3.

6.     A copy of the Final Settlement Statement for the short sale is attached hereto as Exhibit 4.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on August /2, 2023, at _Stevenson Ranch, CA_____.

_____
Wanda Rozar

---

[3]     Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the motion to which this declaration is attached.

8

DOCS_DE:244196.1 55929/001

# **<u>EXHIBIT 1</u>**

B6D (Official Form 6D) (12/07)

In re **Wanda Rozar**
_____,
Debtor

Case No. _____

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **Chase Auto Finance** | | - | **Purchase Money Security** **2007 Mercedes Benz C230 (79,000 miles)-title and loan are in debtor father's name. Father makes payments on the car, but debtor drives the car.** | | | | | |
| | | | Value $ **9,528.00** | | | | **7,000.00** | **0.00** |
| Account No. **Village Walk Maintenance Corp. c/o Valencia Management Corp. 27644 Newhall Ranch Road, #45 Valencia, CA 91355** | | - | **Homeowner's Association Dues** **Property Commonly Known As 28231 Canterbury Court, Valencia, California 91354** | | | | | |
| | | | Value $ **350,000.00** | | | | **2,000.00** | **2,000.00** |
| Account No. **xxxxxx xx 7729** **Wells Fargo Home Mortgage Attn: Bankruptcy Department MAC #D3347-014 3476 Stateview Blvd. Fort Mill, SC 29715** | | - | **03/2007** **First Mortgage** **Property Commonly Known As 28231 Canterbury Court, Valencia, California 91354** | | | | | |
| | | | Value $ **350,000.00** | | | | **379,554.42** | **29,554.42** |
| Account No. **1333062-31** **Cal-Western Reconveyance Corp. 525 East Main Street P.O. Box 22004 El Cajon, CA 92022-9004** | | | **Representing:** **Wells Fargo Home Mortgage** | | | | **Notice Only** | |
| | | | Value $ | | | | | |

**0** continuation sheets attached

| | Subtotal (Total of this page) | **388,554.42** | **31,554.42** |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | **388,554.42** | **31,554.42** |

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com
Best Case Bankruptcy

# EXHIBIT 2

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | Central District of California | PROOF OF CLAIM |
|---|---|---|

Name of Debtor:

Wanda  F. Rozar

Case Number:

15-bk-17446-VZ

**FILED**

**JUL 10 2015**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:      COURT USE ONLY   Deputy Clerk

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

VILLAGE WALK MAINTENANCE CORPORATION

Name and address where notices should be sent:
c/o Richardson Harman Ober PC
234 E. Colorado Blvd., # 800
Pasadena, Ca 91101

Telephone number: (626) 449-5577   email: mgardner@rhopc.com

❐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):
c/o Richardson Harman Ober PC
234 E. Colorado Blvd., # 800
Pasadena, Ca 91101

Telephone number: (626) 449-5577   email: mgardner@rhopc.com

❐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim.  Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**   $_____22,004.38

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**  Unpaid delinquent Assessments
(See instruction #2)

**3.  Last four digits of any number by which creditor identifies debtor:**

**3a. Debtor may have scheduled account as:**
C8060.34P
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
_____
(See instruction #3b)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☑ Real Estate  ❐ Motor Vehicle  ❐ Other
Describe:

Value of Property: $_____

Annual Interest Rate 10.000 % ☑ Fixed  or  ❐ Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**

$_____

Basis for perfection: _____

Amount of Secured Claim:   $_____22,004.38

Amount Unsecured:   $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).  If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

2

B10 (Official Form 10) (04/13)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.    ☑ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor,    ☐ I am a guarantor, surety, indorser, or other codebtor.
                                                                                             or their authorized agent.                        (See Bankruptcy Rule 3005.)
                                                                                             (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:   Matthew A. Gardner
Title:   Attorney
Company:   Richardson Harman Ober PC
Address and telephone number (if different from notice address above):
 234 E. Colorado Blvd., 8th Floor
 Pasadena, CA  91101                                                        _____   7/8/15
                                                                                              (Signature)                                          (Date)

Telephone number: (626) 449-5577       email: mgardner@rhopc.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law.  In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case.  A separate space is provided for the payment address if it differs from the notice address.  The creditor has a continuing obligation to keep the court informed of its current address.  See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5.  Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred.  Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.  If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As**:
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here.  A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured.  Skip this section if the claim is entirely unsecured.  (See Definitions.)  If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any one category shown, check the appropriate box(es) and state the amount entitled to priority.  (See Definitions.)  A claim may be partly priority and partly non-priority.  For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt.  You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence.  FRBP 3001(c) and (d).  If the claim is based on delivering health care goods or services, limit disclosing confidential health care information.  Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it.  FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature.  If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief.  Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration.  Print the name and title, if any, of the creditor or other person authorized to file this claim.  State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices.  If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B10 (Official Form 10) (04/13)

_____DEFINITIONS_____        _____INFORMATION_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is **subject to** FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq*.), and any applicable orders of the bankruptcy court.

1 MATTHEW A. GARDNER, Bar No: 244216
ERIC H. LIN, Bar No. 280078
2 RICHARDSON ◆ HARMAN ◆ OBER PC
234 E. Colorado Blvd., 8th Floor
3 Pasadena, California 91101
Tel: 626.449.5577
4 Fax: 626.449.5572

5 Attorneys for Plaintiff VILLAGE WALK
MAINTENANCE CORPORATION
6

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 20 2014

Sherri R. Carter, Executive Officer/Clerk
By Victoria Banuelos, Deputy

RECEIVED
Superior Court of California
County of Los Angeles

JUL 21 2014

Sherri R. Carter, Executive Officer/Clerk

7

8 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 COUNTY OF LOS ANGELES

10

11 VILLAGE WALK MAINTENANCE
CORPORATION, a California Non-Profit
12 Mutual Benefit Corporation,

13                          Plaintiff,

14          vs.

15 WANDA F. ROZAR, an Individual and DOES 1
through 10, Inclusive
16

17                          Defendants.

Case No.: 11CK2507
Assigned to the Hon. Freixes/Osorio
Dept.: F43

[PROPOSED] JUDGMENT FOR
FORECLOSURE AND ORDER OF
SALE/JUDGMENT FOR MONEY

Complaint filed: September 13, 2011
Default entered: April 17, 2014

18          It appearing that Defendant WANDA F. ROZAR ("DEFENDANT"), having been served

19 with process, failed to appear in answer to the complaint filed by Plaintiff VILLAGE WALK

20 MAINTENANCE CORPORATION, a California non-profit mutual benefit corporation

21 ("PLAINTIFF"), and the default of said DEFENDANT having been duly entered, and testimony

22 and evidence having been considered by this Court:

23          IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT PLAINTIFF, have

24 judgment entered against DEFENDANT, as follows:

25          1.       PLAINTIFF shall recover from DEFENDANT the following sums:

26          A.       Principal in the amount of $12,842.35;

27          B.       Interest in the amount of $3,109.69;

28          C.       Attorney's fees in the amount of $3,638.00; and

          D.       Costs in the amount of $636.00;

1

Richardson ◆ Harman ◆ Ober PC
234 E. Colorado Blvd., Suite 800
Pasadena, California 91101
Telephone: 626.449.5577

For a total amount of: $20,226.04.

2.     The above sums are secured by the lien recorded against the property herein recorded on December 20, 2010 as instrument number 20101884338 with the Los Angeles County Recorder (hereinafter referred to as "LIEN"). Said property is hereby ordered to be sold in the manner prescribed by law, and an order of sale will issue to the Sheriff or Marshall of the County of Los Angeles, California, ordering and directing the Sheriff or Marshall him to conduct such sale. Any party to this action may purchase at the sale.

3.     From the proceeds of the sale, the Sheriff shall pay to PLAINTIFF, after deducting the expenses of the sale, the sum adjudged due, together with interest at the legal rate from the date of this judgment.

4.     If any surplus remains after making these payments, the surplus funds shall be paid in accordance with the priority set forth in Code of Civil Procedure section 701.810, and DEFENDANT shall not receive any sum until all superior claims have been paid, including PLAINTIFF'S secured claim for assessments, interest and legal fees and costs, and related charges accruing after the date of judgment herein, if any, pursuant to Code of Civil Procedure section 701.810, subdivision (f)(1) and (2).

5.     PLAINTIFF shall recover from DEFENDANT any deficiency between the sale price and the total amount of the judgment due PLAINTIFF.

6.     After the time allowed by law for redemption has expired, if any, the sheriff or authorized agent shall execute a deed to the purchasers at the sale.

7.     DEFENDANT and all persons claiming from and under DEFENDANT, and all persons having any claim subsequent to the LIEN by any judgment on the real property hereinafter described, and their personal representatives, and all persons claiming to have acquired any estate or interest in the premises subsequent to the recording of the Notice of Pendency of Action (Lis Pendens) in this action with the Los Angeles County Recorder, are forever barred and foreclosed from all equity of redemption in and claims to the premises, and every part of the premises, from and after delivery of the deed by the Sheriff.

8.     The property which is the subject of this judgment and order is legally described as in Exhibit "A" attached hereto and incorporated by reference.

Richardson ♦ Harman ♦ Ober PC
234 E. Colorado Blvd., Suite 800
Pasadena, California 91101
Telephone: 626.449.5577

2

[PROPOSED] JUDGMENT FOR FORECLOSURE AND ORDER OF SALE/JUDGMENT FOR MONEY

9. The property which is the subject of this judgment and order is commonly described as follows: 28231 Canterbury Court, Valencia, CA 91354-1118, APN: 2810-060-165.

10. A Writ of Sale, pursuant to Code of Civil Procedure sections 712.010 and 716.010, shall be issued upon proper application to the Clerk's Office to foreclose on the aforementioned property.

11. As an alternative to foreclosure of the real property, PLAINTIFF is awarded a judgment for money should PLAINTIFF'S security interest in said property not be enforceable against the DEFENDANT.

DATED: AUG 2 0 2014

**B. OSORIO**
Judge of the Superior Court

Richardson ♦ Harman ♦ Ober PC
234 E. Colorado Blvd., Suite 800
Pasadena, California 91101
Telephone: 626.449.5577

3

# EXHIBIT A

**EXHIBIT "A"**

A Condominium Comprised Of:

Parcel 1:

An undivided 1/18[th] interest in and to the common area Module CA-6, as shown on the Condominium Plan recorded May 22, 2001 as Instrument No. 01-869666, affecting Tract 46389-17, in the County of Los Angeles, State of California, as per map recorded in Book 1244 Page(s) 87 and 88 of Maps, in the office of the County Recorder of said County.

Except all oil, oil rights, minerals, mineral rights, natural gas, natural gas rights, and other hydrocarbons by whatsoever name known that may be within or under said land, together with the perpetual right of drilling, mining, exploring and operating therefore and removing the same from said land or any other land, including the right to whipstock or directionally drill and mine from lands other that said land, oil or gas wells, tunnels and shafts into, through or across the subsurface of said land, and to bottom such whipstocked or directionally drilled wells, tunnels and shaft under and beneath or beyond the exterior limits thereof, and to redrill, retunnel, equip, maintain, repair, deepen and operate any such wells or mines, without however, the right to drill, mine, explore and operate through the surface or the upper 500 feet of the subsurface of said land or otherwise in such manner as to endanger the safety of any highway that may be constructed on said lands, as reserved by deed recorded August 7, 1998 as Instrument No. 98-1379645, Official Records.

Parcel 2:

Unit 116 as shown upon the Condominium Plan referred to in Parcel 1 above.

Parcel 3:

An exclusive easement for use over that certain exclusive use property, described and identified upon the Condominium Plan referred to in Parcel 1 above as deck/patio , which exclusive use property is appurtenant to Parcels 1 and 2 above described.

Parcel 4:

A non-exclusive easement on and over the association property defined in the Declaration of Covenants, Conditions and Restrictions for Village Walk Maintenance Corporation, recorded June 22, 2000 as Instrument No. 00-960471, and any amendments thereto, for access, use, enjoyment, ingress and egress to the amenities located thereon, subject to the terms and provisions of the declaration. This easement is appurtenant to parcels 1 and 2 above.

Parcel 5:

Easements for encroachment, maintenance, repair, drainage, access, ingress, egress, use and enjoyment as said easements are set forth in the declaration.

# Village Walk  v. Rozar

| | |
|---|---|
| Case No. | 11CK02507 |
| Judgment amount: | $20,226.04 |
| Date of Judgment | 8/4/2014 |

| | |
|---|---|
| Judgment | $20,226.04 |
| Interest | $1,778.34 |
| Sub total | **$22,004.38** |
| Atty fees & costs | |
| Total | **$22,004.38** |

As of 07/07/2015
Daily interest $5.54

RECORDING REQUESTED BY
Matthew A. Gardner, Esq.

WHEN RECORDED MAIL TO

NAME Richardson Harman Ober PC

MAILING  234 E. Colorado Blvd.,
ADDRESS 8th Floor

CITY, STATE Pasadena, CA 91101
ZIP CODE



COPY of Document

Has not been compared with o
Originals will be returned when
has been completed.
LOS ANGELES COUNTY REGISTRAR-RECORDER

11/19/2014

*20141197510*

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

# T I T L E(S)

ABSTRACT OF JUDGMENT-CIVIL AND SMALL CLAIMS

LS-201

EJ-001

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, and State Bar number):*
After recording, return to:

Eric H. Lin (SBN 280078)
Richardson Harman Ober PC
234 E. Colorado Blvd., 8th Floor
Pasadena, CA 91101

TEL NO.: 626-449-557   FAX NO. (optional):

E-MAIL ADDRESS *(Optional):*

[X] ATTORNEY FOR   [X] JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS:  9425 Penfield Ave
MAILING ADDRESS:
CITY AND ZIP CODE:  Chatsworth, CA  91311
BRANCH NAME:  North Valley District

FOR RECORDER'S USE ONLY

PLAINTIFF: VILLAGE WALK MAINTENANCE CORPORATION, a
California Non-Profit Mutual Benefit Corporation
DEFENDANT: WANDA F. ROZAR, an Individual and DOES 1-
through 10, Inclusive

CASE NUMBER:
11CK02507

ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS   [ ] Amended

FOR COURT USE ONLY

1. The [X] judgment creditor   [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
                    Name and last known address

   Wanda F. Rozar, an Individual
   28231 Canterbury Court
   Valencia, CA  91354

   b. Driver's license no. [last 4 digits] and state:                    [X] Unknown
   c. Social security no. [last 4 digits]: 1326                          [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address):*

   Wanda F. Rozar, an Individual
   28231 Canterbury Court Valencia, CA  91354

2. [ ] Information on additional judgment debtors is
       shown on page 2.
3. Judgment creditor *(name and address):*

   VILLAGE WALK MAINTENANCE CORPORATION, a California
   Non-Profit Mutual Benefit Corporation c/o 234 E. Colorado Blvd., 8th Floor Pasadena, CA 91101

   Date: September 7 ,2014

   MATTHEW A. GARDNER
   *(TYPE OR PRINT NAME)*

4. [ ] Information on additional judgment creditors is
       shown on page 2.
5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

   ► *(SIGNATURE OF APPLICANT OR ATTORNEY)*

6. Total amount of judgment as entered or last renewed:
   $ 20,226.04
7. All judgment creditors and debtors are listed on this abstract.
8. a. Judgment entered on *(date):* August 20, 2014
   b. Renewal entered on *(date):*

9. [ ] This judgment is an installment judgment.

10. [ ] An [ ] execution lien [ ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of *(name and address):*

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until
           *(date):*
12. a. [X] I certify that this is a true and correct abstract of
           the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.
    Clerk, by                                    , Deputy

    K. JOHNSON

[SEAL] Superior Court Los Angeles County

Sherri R. Carter

This abstract issued on *(date):*
OCT 17 2014

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS

Legal
Solutions
Plus

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190

| PLAINTIFF: VILLAGE WALK MAINTENANCE CORPORATION, a California Non-Profit Mutual Benefit Corporation<br>DEFENDANT:  WANDA F. ROZAR, an Individual and DOES 1 through 10, Inclusive | COURT CASE NO.<br>11CK02507 |
|---|---|

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address)*:           14. Judgment creditor *(name and address)*:

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.          Name and last known address          17.          Name and last known address

Driver's license no. [last 4 digits] and state:          Driver's license no. [last 4 digits] and state:
                                      ☐ Unknown                                      ☐ Unknown
Social security no. [last 4 digits]:          ☐ Unknown     Social security no. [last 4 digits]:          ☐ Unknown
Summons was personally served at or mailed to *(address)*:     Summons was personally served at or mailed to *(address)*:

18.          Name and last known address          19.          Name and last known address

Driver's license no. [last 4 digits] and state:          Driver's license no. [last 4 digits] and state:
                                      ☐ Unknown                                      ☐ Unknown
Social security no. [last 4 digits]:          ☐ Unknown     Social security no. [last 4 digits]:          ☐ Unknown
Summons was personally served at or mailed to *(address)*:     Summons was personally served at or mailed to *(address)*:

20. ☐ Continued on Attachment 20.

EJ-001 [Rev. July 1, 2014]          **ABSTRACT OF JUDGMENT—CIVIL**          Page 2 of 2
                                    **AND SMALL CLAIMS**

# **EXHIBIT 3**



# JEAN ALLEN ESCROW CO., INC.

3341 CERRITOS AVENUE
LOS ALAMITOS, CALIFORNIA 90720
(562) 799-3344 • FAX (562) 799-3345

Cheri L. Parks
Escrow Officer

Date: April 24, 2017
Escrow No.: 14169

### AMENDED ESCROW INSTRUCTIONS

Property Address:    28231 Canterbury Court,  Santa Clarita (Valencia Area), CA  91354

THE ABOVE NUMBERED ESCROW IS HEREBY AMENDED AND/OR SUPPLEMENTED AS FOLLOWS:

| Terms of Transaction | |
|---|---:|
| Buyer has handed Escrow Holder, for deposit to escrow, the sum of | 10,000.00 |
| Buyer will deposit, prior to close of escrow, the sum of | 54,400.00 |
| Buyer herein to obtain a new first trust deed loan in the amount of | 257,600.00 |
| **To Complete the Total Consideration of** | **$322,000.00** |

I/We will hand you or cause to be handed you signed escrow instructions providing for a deposit of **$10,000.00**, and will hand you or cause to be handed you the balance of down payment in the amount of **$54,400.00**, plus closing costs.  I/We will hand you or cause to be handed you the proceeds of a new Note secured by a new First Trust Deed in the amount of **$257,600.00**, for a total consideration of **$322,000.00**, and any additional funds and/or instruments from Buyer to enable you to comply with these instructions.

ALL of which you are instructed to use provided on or before **May 15, 2017**, you hold any/all funds and instruments necessary for me to comply with these instructions, which you are to use when you hold for me a grant deed in favor of the vestee(s) named herein and when you can procure and **CLTA/ALTA Homeowners** and **ALTA Lenders** Policy of Title Insurance from **Title 365** with a liability of **$322,000.00** on real property in the City of **Santa Clarita**, County of **Los Angeles**, State of California described as: ...

SUBJECT ONLY TO:
(1)    General and Special County and City (if any) Taxes for the current fiscal year, not due or delinquent, including any special levies, payments for which are included therein and collected therewith.
(2)    Lien of supplemental taxes, if any, assessed pursuant to the provisions of Chapter 3.5 (commencing with Section 75) of the Revenue and Taxation Code of the State of California.
(3)    Covenants, Conditions, restrictions, reservations, easements for public utilities, districts, water companies, alleys and streets, rights and rights of way of record, if any; also exception of reservations of oil, gas, minerals and hydrocarbons, and/or lease, if any, without the right of surface entry.
(4)    First Deed of Trust to record securing a note in the amount of **$257,600.00**.

**FINANCING CONTINGENCY**
**THIS ESCROW TRANSACTION IS CONTINGENT UPON AND SUBJECT TO** Buyer being able to obtain a new loan in the amount of **$257,600.00**, repayable with a maximum fixed interest rate of 4.25% per annum, amortized over a 30 year period.  Buyer's signatures on said documents and/or instructions pertinent thereto shall evidence full approval of all terms and conditions thereof.  Said Financing Contingency shall remain in effect for a period of 21 days after date of offer acceptance, by which time Buyer shall, as specified in Paragraph No. 14 of the Purchase Agreement, remove said Financing Contingency or cancel this Agreement.

**SALE OF BUYER'S PROPERTY**
As a matter of record only, Buyer's property commonly known as **29726 Driver Ave, Castaic, CA 91384** has sold and closed escrow; therefore, said contingency is hereby removed from the purchase agreement and escrow instructions.

**NATURAL HAZARDS DISCLOSURE REPORT**
The undersigned **Buyer** does hereby authorize and instruct you as Escrow Holders to debit the account of the **Buyer** with the cost of the Natural Hazards Disclosure Report as invoiced, and at the close and completion of escrow, remit a like amount to company issuing said report; and you as Escrow Holders shall be held harmless for so doing.

Date: April 24, 2017                              Page 2

Escrow No.: 14169

## HOMEOWNERS ASSOCIATION

Buyer is fully aware that there is monthly Homeowners Association Dues/Fees due each and every month,  and escrow holder shall notify the Homeowners Association of the pending sale of said property and obtain a Statement of Condition. The Buyer does hereby acknowledge having been made aware that the Seller owes delinquent Dues to the Homeowners Association.  The Buyer does hereby authorize and instruct you as escrow holders to debit the account of the Buyer with delinquent Dues in an amount not to exceed **$12,435.00**, and to pay same to the Homeowners Association upon the close and completion  of escrow.   The Parties further authorize and instruct you as escrow holders **not to prorate** any Homeowners Association Dues through this escrow transaction. In the event that the Homeowners Association charges a "Transfer Fee" and/or "Document Fee," you are to charge the account of **Buyer.**  In the event that the Homeowners Association charges a "Move In Fee" or "Lender Certification Fee," you are to charge the account of **Buyer.**

## SELLING BROKER COMMISSION

The undersigned Parties authorize and instruct you as escrow holders not to charge the Seller for any commission to the Selling Broker.  The Buyer does hereby agree to be solely responsible for payment of any real estate commission due the Selling Broker.

All other terms and conditions of this escrow shall remain the same.  All parties signing this instruction acknowledge receipt of a copy of same.

**SELLER:**

Wanda F. Rozar
_____
Wanda F. Rozar

**BUYER:**

_____
Bryan Genesse

_____
Brooke Genesse

# **EXHIBIT 4**



# JEAN ALLEN ESCROW CO., INC.

3341 Cerritos Avenue
Los Alamitos, California 90720
(562) 799-3344 • FAX (562) 799-3345

**MASTER FINAL SETTLEMENT STATEMENT**

**PROPERTY:** 28231 Canterbury Court
Santa Clarita (Valencia Area), CA 91354

**BUYER:** Bryan Genesse and Brooke Genesse    **CLOSING DATE:** May 31, 2017

**SELLER:** Wanda F. Rozar    **ESCROW NO.:** 14169

| | SELLER | | | BUYER | |
| DEBITS | CREDITS | | | DEBITS | CREDITS |
|---|---|---|---|---|---|
| | | **FINANCIAL CONSIDERATION** | | | |
| | 322,000.00 | Total Consideration | | 322,000.00 | |
| | | Deposit from Bryan Genesse | | | 10,000.00 |
| | | Deposit from Brooke T. Genesse | | | 79,200.00 |
| | | New 1st Trust Deed - Skyline Financial Corp. | | | 257,600.00 |
| | | **PAYOFF CHARGES - Wells Fargo Home Mortgage** | | | |
| | | [Total Payoff $307,863.79] | | | |
| 307,863.79 | | Principal Balance | | | |
| | | **PAYOFF CHARGES - Richardson Harman Ober PC Attorney-Client Trust** | | | |
| | | [Total Payoff $12,435.00] | | | |
| | | Principal Balance | | 12,435.00 | |
| | | **LOAN INFORMATION - Skyline Financial Corp.** | | | |
| | | [Charges $3,422.96] | | | |
| | | Origination Charge | | 270.48 | |
| | | Appraisal Fee POC (B*) to Above All Appraisal $435.00 | | | |
| | | Administration Fee | | 1,495.00 | |
| | | Appraisal Re-Inspection Fee | | 150.00 | |
| | | Aggregate Reserves | | -329.20 | |
| | | Interest at $30.4111/day from 05/30/2017 to 06/01/2017 | | 60.82 | |
| | | Homeowner's Insurance @ $32.92/mo for 3 mos | | 98.76 | |
| | | Property Taxes @ $335.42/mo for 5 mos | | 1,677.10 | |
| | | **PRORATIONS/ADJUSTMENTS** | | | |
| | 439.99 | 2nd Half 2016-17 Taxes at $2639.95/semi-annually from 05/31/2017 to 07/01/2017 | | 439.99 | |
| | | **COMMISSION CHARGES** | | | |
| 11,270.00 | | F.A.I.R. Plan Inc. | | | |
| | | Balboa Real Estate | | 597.00 | |
| | | **H.O.A./MANAGEMENT** | | | |
| | | HOA Dues for June to Village Walk Maintenance Corporation | | 270.00 | |
| | | Parking Passes/Keys to Village Walk Maintenance Corporation | | 180.00 | |
| | | Document Fee(s) - Reimbursement to Jean Allen Escrow Co., Inc. | | 543.00 | |
| | | **OTHER DEBITS/CREDITS** | | | |
| | | Allstate Insurance Company for Insurance | | 395.00 | |
| | | Solutions For Property for Property Disclosure Report | | 119.95 | |
| | | First American Home Buyers Protection for Home Warranty Policy | | 495.00 | |
| | | Jean Allen Escrow Co., Inc. for Reimbursement of Insurance Service Fee | | 103.20 | |
| | | William Wilmarth & Associates for Short Sale Negotiator Fee | | 3,220.00 | |
| | | **TITLE/TAXES/RECORDING CHARGES - Title 365** | | | |
| 1,252.00 | | Title - Owner's Title Insurance | | | |
| | | Title - Lender's Title Insurance | | 478.00 | |
| | | Title - eRecording Fee | | 10.00 | |
| | | Title - Sub Escrow Fee | | 125.00 | |
| | | Title - Wire Fee | | 50.00 | |

Closing Date: May 31, 2017
Date: May 31, 2017

Escrow No.: 14169

Page 2 of 2:

| | | |
|---|---|---|
| | Title - Endorsement Fee | 75.00 |
| | Recording Grant Deed | 25.00 |
| | Recording Trust Deed | 73.00 |
| 354.20 | Transfer Tax - County to Los Angeles County | |
| | **ESCROW CHARGES - Jean Allen Escrow Co., Inc.** | |
| 1,700.00 | Title - Escrow Fee | 1,000.00 |
| | Title - Email Loan Doc. Fee | 125.00 |
| | Title - Notary Fee to MAC Settlement Services | 250.00 |
| | Title - Overnight Delivery Fee | 31.71 |
| | **Net Proceeds** | |
| | **Total Refund** | 336.19 |

| | | | | |
|---|---|---|---|---|
| $  322,439.99 | $  322,439.99 | **TOTAL** | $  346,800.00 | $  346,800.00 |

# **<u>EXHIBIT 5</u>**



PACHULSKI
STANG
ZIEHL
JONES

L A W   O F F I C E S
LIMITED LIABILITY PARTNERSHIP

L O S   A N G E L E S ,   C A
S A N   F R A N C I S C O ,   C A
W I L M I N G T O N ,   D E
N E W   Y O R K ,   N Y
H O U S T O N ,   T X

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067-4003

**TELEPHONE: 310.277.6910**
FACSIMILE: 310.201.0760

**SAN FRANCISCO**
ONE SANSOME STREET
34th FLOOR, SUITE 3430
SAN FRANCISCO
CALIFORNIA 94104

**TELEPHONE: 415.263.7000**
FACSIMILE: 415.263.7010

**DELAWARE**
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE: 302.652.4100**
FACSIMILE: 302.652.4400

**NEW YORK**
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE: 212.561.7700**
FACSIMILE: 212.561.7777

**TEXAS**
440 LOUISIANA STREET
SUITE 900
HOUSTON
TEXAS 77002-1062

**TELEPHONE: 713.691.9385**
FACSIMILE: 713.691.9407

WEB: www.pszjlaw.com

James I. Stang

July 6, 2023

310.772.2354
jstang@pszjlaw.com

Village Walk Maintenance Corp.
c/o Richardson Harman Ober PC
234 E. Colorado Blvd. #800
Pasadena, CA 91101

    **Re:**    **Wanda Rozar**
           **Chapter 7 Case No. 15-17446 (Bankr. C.D. Cal.)**
           **Proof of Claim No. 4**

Dear Sir or Madam:

Pachulski Stang Ziehl & Jones LLP is counsel to Wanda Rozar in connection with the above-referenced chapter 7 bankruptcy case. Village Walk Maintenance Corp. filed a proof of claim in this case (Claim No. 4) (the "Claim") on July 10, 2015. A copy of the Claim is enclosed for your reference.

The Claim relates to homeowners' association dues on property formerly owned by the Debtor located at 28231 Canterbury Court, Santa Clarita, CA 91354. Our records indicate that the debt underlying the Claim was satisfied in connection with a short sale of the subject property. A copy of the escrow instructions dated April 24, 2017, which addresses the satisfaction of homeowners' association dues, is enclosed. Accordingly, we request that you withdraw the Claim. A Withdrawal of Claim form is attached, along with a return envelope; you may complete and sign the form and return it to us for filing with the court.

Very truly yours,

James Stang

James I. Stang

JIS
Enclosures

DOCS_DE:243359.1 55929/001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10100 Santa Monica Blvd., 13th Fl., Los Angeles, California 90067.

True and correct copies of the foregoing documents entitled (*specify*): **OBJECTION OF DEBTOR TO CLAIM OF VILLAGE WALK MAINTENANCE CORPORATION [CLAIM NO. 4]; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF JAMES I. STANG AND DEBTOR** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 16, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **August 16, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **February 10, 2016**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA OVERNIGHT MAIL**
The Honorable Vincent P. Zurzolo
U. S. Bankruptcy Court, Central District of California
255 E. Temple Street, Suite 1360
Courtroom 1368
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 16, 2023 | Sophia L. Lee | /s/ Sophia L. Lee |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**In re: Wanda Rozar**
**Case No. 2:15-bk-17446-VZ**

<u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- **Christopher Darden**    Christopher.Darden@wellsfargo.com
- **Howard M Ehrenberg (TR)**    ehrenbergtrustee@gmlaw.com,
  ca25@ecfcbis.com;C123@ecfcbis.com;howard.ehrenberg@ecf.courtdrive.com;Karen.Files
  @gmlaw.com
- **Marian Garza**    ecfnotices@ascensioncapitalgroup.com
- **David A Gill (TR)**    trusteeECF@dgdk.com,
  dgill@ecf.axosfs.com;DanningGill@Gmail.com
- **Asa S Hami**    asa.hami@gmlaw.com,
  ahami@ecf.courtdrive.com;patricia.dillamar@gmlaw.com;pdillamar@ecf.courtdrive.com
- **Amy Lawrence**    Amy.Lawrence@wellsfargo.com, Shelby.Lawrence@wellsfargo.com
- **Jennifer McGrath**    jmcgrath@mklawllp.com
- **Kelly L Morrison**    kelly.l.morrison@usdoj.gov
- **Marisol A Nagata**    bknotifications@ghidottiberger.com, mnagata@ghidottiberger.com
- **William J Smyth**    william@wkdlegal.com, williamsmyth@gmail.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Darlene C Vigil**    cdcaecf@bdfgroup.com

<u>**SERVED BY UNITED STATES MAIL**</u>:

Village Walk Maintenance Corporation
c/o Richardson Harman Ober PC
234 E. Colorado Blvd., # 800
Pasadena, CA 91101

Village Walk Maintenance Corporation
Attn: Russell Hoffman
25106 Avenue Tibbitts, 100
Valencia, CA 91355

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:350628.1 55929/001